THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DONALD REIGELSPERGER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>M. EVERETT et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Case No. 2:21-CV-689 RJS<br><br>Chief District Judge Robert J. Shelby |

In an Order dated July 21, 2023, the Court dismissed this action, stating, "Having comprehensively analyzed the *Ehrenhaus* factors against the timeline and Plaintiff's lack of responsiveness here, the Court . . . concludes that dismissal is appropriate." (ECF No. 7.) Plaintiff then filed a Motion for Relief from Judgment, dated August 15, 2023. (ECF No. 9.) Based on the motion's timing, the Court construes it as a motion to alter or amend judgment, under Federal Rule of Civil Procedure 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion under Federal Rule of Civil Procedure 59(e)

> may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 2014 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242

(10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

*Blake v. Jpay*, No. 18-3146-SAC, 2019 U.S. Dist. LEXIS 150310, at *4-5 (D. Kan. Sept. 4, 2019).

Plaintiff does not meet the exacting standard for relief under Rule 59(e); in other words, Plaintiff has not shown (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. He instead cites (a) the COVID pandemic (which started about eighteen months *before* he filed this action); (b) the death of his "jailhouse lawyer" (with no timeline or clarification of help provided); (c) his lack of legal savvy and library access (without saying why he could not even file an explanatory letter regarding his delay); and (d) a move to the new Utah State Correctional Facility with "new contract attorneys" (also with no specific reasons why this kept him from writing), in trying to excuse his twenty-month failure to serve his complaint upon Defendants and to be in touch with the Court for months at a time, including a one-year period before this action was dismissed. (ECF Nos. 7, 9.) None of this suggests that the Court clearly erred, or that "manifest injustice" would be prevented if the Court granted Plaintiff's motion.

The latter is especially true, in light of this action's dismissal without prejudice. (ECF No. 7.) The Complaint sets forth the dates of "the events . . . believe[d to have] violated [Plaintiff's] rights" as occurring between March 3 and 8 of 2021. (ECF No. 1.) So, Plaintiff still has more than a year in which he could file a new case regarding his claims. After all, for cases initiated in Utah, § 1983 claims are subject to "the four-year statute of limitation period of [Utah Code Ann. § 78B-2-307 (2023)]." *Larson v. Snow College*, 189 F. Supp. 2d 1286, 1292 (D. Utah 2000); *see*

*also Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) ("Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983.").

**IT IS THEREFORE ORDERED** that Plaintiff's post-judgment motion is **DENIED**. (ECF No. 9.) This action remains closed.

DATED this 17th day of January, 2024.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court